Filed
D.C. Superior Court
03/18/2021 09:55AM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| VERONICA SANCHEZ<br>7301 General Kearney Drive<br>Albequerque, NM 87109<br><br>          *Plaintiff*,<br>v.<br><br>LYFT, INC.<br>185 Berry Street<br>Suite 5000<br>San Francisco, CA 94107<br><br><u>Serve:</u><br>C T Corporation System<br>1015 15th Street, NW<br>Suite 1000<br>Washington, DC 20005<br><br>AND<br><br>DAVID A. MIHALIC<br>908 Polaris Way<br>Missoula, MT 59803<br><br>AND<br><br>SAMUEL KENDRICK<br>1909 Tweed Place<br>Anacortes, WA 98221<br><br>          *Defendants*. | **2021 CA 000856 V** |

* * * * * * * * * * * * * * * * * * *

# COMPLAINT
### (Automobile Collision; Negligence; Negligent Per Se, and Negligent Hiring, Training, and Supervision)

The Plaintiff, Veronica Sanchez, by and through the undersigned counsel, moves this Honorable Court for judgment against Defendants David A. Mihalic, Samuel L. Kendrick, and Lyft, Inc. and hereby states as follows:

1. This Honorable Court has jurisdiction of this case by virtue of District of Columbia Code §§ 11-921(a)(6) and 13-423(a)(3) because the cause of action arose as a result of Defendants' tortious act or omission in the District of Columbia.

## PARTIES

1. At all times relevant to this Complaint, Plaintiff Veronica Sanchez was a resident of the State of New Mexico.

2. At all times relevant to this Complaint, Defendant Lyft, Inc. ("Defendant Lyft") was a company licensed to operate in the District of Columbia and regularly conducts business in the District of Columbia.

3. At all times relevant to this Complaint, Defendant David A. Mihalic ("Defendant Mihalic") was a resident of the State of Montana.

4. At all times relevant to this Complaint, Defendant Samuel Kendrick ("Defendant Kendrick") was a resident of the State of Washington.

## FACTS

5. On or about March 28, 2018, Ms. Sanchez requested a ride via Defendant Lyft's ride-sharing application on her cell phone.

6. As a result of Ms. Sanchez's request for a ride through Defendant Lyft's app, she was informed via cell phone notification from Defendant Lyft that Defendant Samuel Kendrick would be her "Lyft driver" and that he would be arriving to pick her up in his vehicle at her location and then provide her with a ride to her requested destination.

7. Defendant Lyft's app directed Defendant Kendrick to the site where he picked up Plaintiff, and then he proceeded to take her along the route that was pre-determined according to Defendant Lyft's ride-sharing app and its map function.

8. After he picked up Plaintiff, Defendant Kendrick was driving westbound on Constitution Avenue, NW and Defendant Mihalic was also driving west on Constitution Ave, NW behind Defendant Kendrick.

9. As Defendant Kendrick approached the intersection with 17th Street, NW, he sped up rapidly to make the end of the yellow light and then slammed on his brakes when he reached the other side of the intersection.

10. Immediately after Defendant Kendrick had crossed the intersection with 17th Street, NW, and slammed on his brakes, Defendant Mihalic struck Defendant Kendrick's vehicle from behind with such significant force that the airbags in Mihalic's vehicle deployed.

11. Based on the timing of Defendant Kendrick entering the intersection at the end of the yellow light and the collision that followed shortly thereafter, Mihalic must have been traveling though the intersection on a red light.

12. When Defendant Mihalic got out of his car after the collision, he refused to speak with the Plaintiff, and he did not even bother asking her if she was physically okay. However, he mentioned to the responding police officer that he was in a rush because he was late to an important meeting with officials in the Trump Administration.

## COUNT I
(Negligence)

13. Plaintiff incorporates, by reference, the allegations set forth above as if fully set forth herein.

14. Plaintiff alleges that at all relevant times herein, Defendants Lyft and Kendrick owed the Plaintiff a duty of care to operate the Lyft/Kendrick vehicle in a safe, prudent, and appropriate manner consistent with motor vehicle safety and traffic laws then and there in effect.

15. To the extent that Defendants Lyft and Kendrick were providing a ride to Ms. Sanchez in their capacity as a common carrier, Defendants Lyft and Kendrick owed Plaintiff the highest duty of care recognized under the law.

16. Defendant Kendrick, acting as an actual or apparent agent and/or employee of Defendant Lyft, breached the duties owed as set forth in the preceding paragraphs.

17. Defendant Mihalic owed the Plaintiff a duty of care to operate his vehicle in a safe and reasonable manner and in such a manner that would not expose other drivers, passengers, or any other roadway users to needless danger.

18. The above-described incident occurred due to the negligence of one or more of the Defendants Mihalic or Kendrick, who was acting as an agent and/or employee of Defendant Lyft. The acts of negligence include but are not limited to:

   a. Failure to obey traffic control devices;

   b. Failure to avoid a collision;

   c. Failure to carefully and prudently apply their brakes so as to avoid a collision;

   d. Failure to observe the presence and proximity of other vehicles in the roadway;

   e. Failure to control the speed of their vehicles;

   f. Failure to keep a proper lookout;

   g. Failure to follow the lead vehicle at a safe distance

    h. And/or other acts of negligence.

19. To the extent that any of the above-stated bases of negligence violated provisions of the D.C. Code and/or the D.C. Municipal Regulations pertaining to traffic safety Defendants Kendrick and Mihalic were negligent *per se.*

20. To the extent that Defendant Kendrick was acting within the scope of his agency and/or employment with Defendant Lyft at the time of the crash, Defendant Lyft is vicariously liable for any and all of the acts and/or omissions of Defendant Kendrick under the doctrine of *respondeat superior.*

21. At all times relevant to this Complaint, Plaintiff was free of any negligence and assumed no risk of injury.

22. As a direct and proximate result of the aforesaid negligence and/or negligence *per se* of Defendants Kendrick and/or Mihalic, Plaintiff Veronica Sanchez suffered injuries and damages, including but not limited to injuries to her neck and back. On account of these injuries, Plaintiff has incurred, and will continue to incur, medical expenses in an effort to care for her injuries; she has suffered a loss of earnings and earning capacity as well as other economic losses; and she has suffered, and she will in the future suffer, great pain of body and mind; all of which may be permanent in nature.

WHEREFORE, Plaintiff Veronica Sanchez demands judgment of and against the Defendants, Kendrick, Mihalic and Lyft, jointly and severally, in the amount of two million dollars ($2,000,000.00), plus interest and costs.

### COUNT II
(Negligent Hiring, Training, and Supervision)

23. Plaintiff incorporates, by reference, the allegations set forth above as if fully set forth herein.

24. At all relevant times herein, Defendant Lyft, acting by and through its agents,

servants, and/or employees, owed a continuing duty to reasonably, carefully, and conscientiously secure the service of qualified and well-trained personnel, and/or to reasonably hire, train, and supervise its personnel to, inter alia, reasonably assure that its agent-drivers would be competent to provide safe transportation services to Lyft customers in a manner consistent with all applicable traffic safety laws and regulations.

25. Defendant Lyft, acting by and through its agents, servants, and/or employees, breached the duties owed to the Plaintiff by, inter alia, failing to reasonably hire, train and/or supervise its personnel, Defendant Kendrick, as set forth above.

26. As a direct and proximate result of the aforesaid negligence of Defendant Lyft, Plaintiff Veronica Sanchez was injured as set forth above.

WHEREFORE, Plaintiff Veronica Sanchez demands judgment of and against the Defendant Lyft in the amount of two million dollars ($2,000,000.00), plus interest and costs.

Respectfully Submitted,

/s/ Daniel S. Singer
Kenneth M. Trombly, #199547
Noah S. Trombly, #1657567
Daniel S. Singer, #1011357
1825 K Street, N.W.
Suite 1150
Washington, DC 20006
(202) 887-5000
kmt@tromblylaw.com
dsinger@tromblylaw.com
ntrombly@tromblylaw.com
*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff seeks a trial by jury on all issues.

/s/ Daniel S. Singer
Daniel S. Singer